UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VICTOR J. CHAIN, JR. PETER HAYWARD,
GILBERT LEWIS, ANTHONY L. PLATONI, and
OWEN TAYLOR on behalf of themselves and all others
similarly situated,

                              Plaintiffs,

        -against-

NORTH EAST FREIGHTWAYS, INC. d/b/a LAND AIR
EXPRESS, LAX, LLC and LAND-AIR EXPRESS OF
NEW ENGLAND, LTD.,

                              Defendants.
------------------------------------------------------------------X

**ORDER**

16 Civ. 3371 (JCM)

      Plaintiffs Victor J. Chain, Jr., Peter Hayward, Gilbert Lewis, Anthony L. Platoni and Owen Taylor (collectively, "Plaintiffs") commenced this action against Defendants North East Freightways, Inc. and LAX, LLC (collectively, "NEF"), and Land-Air Express of New England, Ltd. ("Land-Air") (collectively, "Defendants"), seeking damages for Defendants' alleged violation of, *inter alia*, the federal and New York Worker Adjustment and Retraining Notification Acts (collectively, "WARN Acts"). (Docket No. 30). A bench trial was held before the undersigned on July 20, 21, 22 and 23, 2020.[1] The trial was conducted virtually through Zoom[2] because of the SARS-CoV-2 pandemic. The parties retained TrialGraphix, Inc. ("TrialGraphix") to coordinate the remote trial and agreed to share the costs. (*See* Docket Nos. 263, 267, 267-1).

---

[1] This action is before the Court for all purposes on the consent of the parties, pursuant to 28 U.S.C. §636(c) and Fed. R. Civ. P. 73. (Docket No. 157).

[2] Zoom is a cloud-based peer-to-peer software platform used for, *inter alia*, video and audio conferencing.

Following trial, the Court issued a decision finding that: (1) Plaintiffs failed to establish that the WARN Acts were triggered; and (2) NEF was not liable as a successor to Land-Air. (Docket No. 258 at 10). Judgment was entered in Defendants' favor on December 22, 2020 ("Judgment"). (Docket No. 261). Thereafter, on January 20, 2021, NEF filed a Bill of Costs Notice of Taxation ("Bill of Costs") to be assessed by the Clerk of Court. (Docket No. 262). The same day, NEF moved this Court for $5,082.72 in costs associated with TrialGraphix's remote trial hosting services ("Motion"). (Docket No. 263). Plaintiffs filed a Notice of Appeal from the Judgment on January 21, 2021, (Docket No. 266), which was held in abeyance by the Second Circuit on April 21, 2021. *See Chain v. Land-Air Express of New England, Ltd.*, No. 21-131 (2d Cir. filed Jan. 21, 2021). Also on January 21, 2021, the Clerk of Court rejected NEF's Bill of Costs "for non-compliance with Local Rule 54.1" and directed NEF to refile its Bill of Costs "within 30 days of entry of the mandate in the Southern District of New York."

Presently before the Court is NEF's Motion for costs expended on TrialGraphix's remote trial hosting service. Plaintiffs opposed the Motion by letter on January 25, 2021. (Docket No. 267) ("Pl. Ltr."). For the reasons that follow, NEF's motion is denied with prejudice.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 54 ("Rule 54") provides that "costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The term "costs," as used in Rule 54, "includes only the specific items enumerated in 28 U.S.C. § 1920 (1994)." *Balance Point Divorce Funding, LLC v. Scrantom*, 305 F.R.D. 67, 70 (S.D.N.Y. 2015) (quoting *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 577 U.S. 82 (2016)); *Endo Pharm. Inc. v. Amneal Pharm., LLC*, 331 F.R.D. 575, 579 (S.D.N.Y. 2019) ("Rule 54 does not 'grant[] courts discretion to tax whatever costs may

seem appropriate.'") (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)).

28 U.S.C. § 1920 sets forth six general categories of taxable costs, including, relevant here, "[f]ees for exemplification . . ." *Id.* § 1920(4). Courts have reached different conclusions regarding the meaning of exemplification as used in 28 U.S.C. § 1920(4). *Compare Kohus v. Toys R Us, Inc.*, 282 F.3d 1355, 1359 (Fed. Cir. 2002) (adopting narrow, legal definition of exemplification as "'an official transcript of a public record, authenticated as a true copy for use as evidence.'") (quoting *Exemplification*, BLACK'S LAW DICTIONARY (7th ed. 1999)), *with Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000) (defining exemplification broadly as "the act of illustration by example," which includes a "wide variety of exhibits and demonstrative aids."). Notwithstanding this debate, courts in the Second Circuit have consistently awarded costs for audio-visual aids in light of S.D.N.Y. Local Civil Rule 54.1(c)(6) ("Local Rule 54.1"), which provides that the "[c]osts of maps, charts, and models, including computer generated models," are taxable to the losing party at the discretion of the court.[3] *See, e.g.*, *DiBella v. Hopkins*, 407 F. Supp. 2d 537, 539–40 (S.D.N.Y. 2005) (holding that "§ 1920(4) authorizes a court to tax the cost of preparing demonstrative aids, including charts, blow-ups and computer graphics" and discussing Local Rule 54.1(c)(6)); *Tokyo Electron Arizona, Inc. v. Discreet Indus. Corp.*, 215 F.R.D. 60, 66–67 (E.D.N.Y. 2003) (taxing cost of PowerPoint presentation used at trial to the losing party and citing, *inter alia*, Local Rule 54.1(c)(6)); *In re Omeprazole Patent Litig.*, MDL Docket No. 1291, 2012 WL 5427791, at *7 (S.D.N.Y. Nov. 7,

---

[3] Local Rule 54.1 requires that the court, rather than the Clerk, assess whether the prevailing party is entitled to recover costs for "audio-visual aid[s]." *Settlement Funding, LLC v. AXA Equitable Life Ins. Co.*, No. 09 CV 8685 (HB), 2011 WL 2848644, at *1, n.3 (S.D.N.Y. July 18, 2011) (citing Local Civ. R. 54.1(c)(6)).

2012) (granting costs for "graphics and models" which aided in the presentation of "complex evidence," but denying costs for "on-site trial support").

## II. DISCUSSION

NEF argues that as the prevailing party, it is entitled to costs for TrialGraphix's service, which it alleges constituted a "multi-media presentation [that] aided the fact finder." (Docket No. 263 at 2 (citing *Settlement Funding, LLC v. AXA Equitable Life Ins. Co.*, No. 09 CV 8685 (HB), 2011 WL 2848644, at *1 (S.D.N.Y. July 18, 2011)). Plaintiffs oppose NEF's Motion on several grounds. (*See* Pl. Ltr. at 1–2).

At the outset, Plaintiffs argue that the Motion is premature, since Plaintiffs' appeal is pending before the Second Circuit. (*Id.* at 1). Local Rule 54.1(a) provides that "[c]osts will not be taxed during the pendency of any appeal . . ." See also *Shapiro v. Kronfeld*, No. 00 Civ. 6286(KRW), 2005 WL 183137, at *3 (S.D.N.Y. Jan 27, 2005). Although Local Rule 54.1 "expressly prohibits an *award of costs* during the pendency of appeal," *Del Franco v. New York City Off-Track Betting Corp.*, No. CV-02-3064 (JMA), 2007 WL 2163108, at *1 (E.D.N.Y. July 26, 2007) (emphasis added), the Court finds that NEF is not entitled to costs for TrialGraphix's service, and will thus reach the merits of NEF's Motion.

NEF asserts that in deciding whether a party may recover costs "for trial presentation technology, courts consider whether the multi-media presentation aided the fact finder." (Docket No. 263 at 2). NEF reasons that because "TrialGraphix's services were invaluable to the trial," TrialGraphix's assistance is taxable as an audio-visual aid. (*Id.*). Plaintiffs contend that TrialGraphix "[m]anage[d] and hosted the zoom meeting" and did not provide any "audio-visual aids" as the term is used in the context of taxing costs. (Pl. Ltr. at 2). The Court agrees with Plaintiffs. Although TrialGraphix offers an array of services, it was retained by the parties as a

"Remote Coordinator" to facilitate the virtual trial. (Docket No. 267-2 at 1). Specifically, TrialGraphix managed the Zoom trial and provided technical support as needed. (*See* Docket No. 263-1 at 2). NEF's representation that TrialGraphix "display[ed] exhibits for trial presentation" is inaccurate. (Docket No. 263 at 2). The parties were responsible for displaying their own exhibits through Zoom's "screen sharing" function.

Moreover, even the broadest interpretation of Local Rule 54.1(c)(6) does not encompass remote trial hosting. Courts award costs for audio-visual aids on the theory that such demonstratives serve "the same function as exhibits and other papers used at trial." *DiBella*, 407 F. Supp. 2d at 540; *accord Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.*, No. 06 Civ. 6510(HB), 2011 WL 2893087, at *7 (S.D.N.Y. July 14, 2011). Furthermore, awarding such costs encourages attorneys to leverage technology to better present complex information to the fact-finder. *See DiBella*, 407 F. Supp. 2d at 540 (because "[c]omputers, computer graphics, digitized documents, and other technological advancements have become important tools to the modern-day trial lawyer," using "'technology to improve the presentation of information to the jury and/or to the bench should be supported'") (quoting *Tokyo Electron*, 215 F.R.D. at 67). Thus, courts award costs for illustrative aids that assist the trier of fact, for instance, by focusing the fact-finder's "attention on the salient documents and concepts," or by synthesizing complex or voluminous evidence. *Farberware Licensing Co. LLC v. Meyer Marketing Co., LLC*, No. 09 CIV. 2570 (HB), 2009 WL 5173787, at *7 (S.D.N.Y. Dec. 30, 2009) (awarding costs for digitalized graphics presented at a trial involving "voluminous" documentary exhibits "in part because without the graphics the jury would have had a much more difficult time finding the facts"), *aff'd*, 428 F. App'x 97 (2d Cir. 2011); *accord In re*

*Omeprazole*, 2012 WL 5427791, at *8 (granting costs for trial demonstratives where the "graphics and models aided in the efficient and effective presentation of complex evidence").

Remote trial hosting is neither analogous to paper exhibits, nor does it assist the fact-finder in understanding the evidence. By contrast, TrialGraphix's role at trial was to ensure that the conduit through which information was relayed to the fact-finder — Zoom — functioned as intended. Moreover, none of the cases to which NEF cites supports its contention that remote trial hosting is taxable as an audio-visual aid. *See Endo Pharm*, 331 F.R.D. at 580 (*declining* to award costs to prevailing party for specialist's assistance in "designing a compelling presentation of the trial evidence") (internal quotations omitted); *J.S. Nicol., Inc. v. Peking Handicraft, Inc.*, No. 03 Civ. 1548(GBD)(AJP), 2008 WL 4613752, at *15–16 (S.D.N.Y. Oct, 17, 2008) (awarding *legal fees* to technology support specialist who, *inter alia*, "created demonstrative exhibits," on the ground that the specialist was analogous to a paralegal). Although the court in *Settlement Funding* awarded some of the costs sought for TrialGraphix's services, in that case, TrialGraphix prepared "graphic aids used at trial," which helped "focus the jury on the relevant portions of documentary exhibits." 2011 WL 2848644, at *1. Here, TrialGraphix did not create graphic aids; its role was relegated to remote trial hosting. This is more akin to "on-site trial support," which is not taxable. *See In re Omeprazole*, 2012 WL 5427791, at *7. Therefore, the cost of TrialGraphix's remote trial hosting service is not a "fee[] for exemplification" contemplated by 28 U.S.C. § 1920. Accordingly, the Court will not tax TrialGraphix's fees.

## III. CONCLUSION

For the foregoing reasons, NEF's Motion is denied with prejudice. The Clerk of Court is respectfully requested to terminate the pending motion (Docket No. 263).

Dated: April 26, 2021
       White Plains, New York

                                      **SO ORDERED,**

*[signature: Judith C. McCarthy]*
                                    JUDITH C. McCARTHY
                                    United States Magistrate Judge