```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
VICTOR J. CHAIN, JR., PETER HAYWARD,            :
GILBERT LEWIS, ANTHONY L. PLATONI,              :
and OWEN TAYLOR, on behalf of themselves        :
and all others similarly situated,              :
                                                :
                       Plaintiffs,              :           ORDER ADOPTING
                                                :           REPORT AND
v.                                              :           RECOMMENDATION
                                                :
NORTH EAST FREIGHTWAYS, INC. d/b/a              :           16 CV 3371 (VB)
Land Air Express; LAX, LLC; and                 :
LAND-AIR EXPRESS OF NEW ENGLAND,                :
LTD.,                                           :
                                                :
                       Defendants.              :
--------------------------------------------------------------x
```

Briccetti, J.:

Before the Court is Magistrate Judge Judith C. McCarthy's Report and Recommendation dated December 18, 2020 (Doc. #258, at pages 33-39) ("R&R"), to which plaintiffs filed timely objections. Also pending are defendants North East Freightways, Inc. d/b/a Land Air Express ("NEF"), and LAX, LLC's ("LAX"), and plaintiffs' respective requests for sanctions against each other.

In the R&R, Judge McCarthy recommended that the default judgment as to liability this Court previously entered against defendant Land-Air Express of New England, Ltd. ("Land-Air"), be vacated and that the action against Land-Air be dismissed.

For the following reasons, the Court overrules plaintiffs' objections and adopts the R&R in its entirety as the opinion of the Court.

The Court also denies the parties' respective requests for sanctions.

1

**DISCUSSION**

I.  Background

The Court presumes the parties' familiarity with the factual and procedural background of this case and only recites it to the extent necessary.

On May 6, 2016, plaintiffs commenced this action against defendant Land-Air seeking damages pursuant to the federal Worker Adjustment and Retraining Notification Act, the New York Worker Adjustment and Retraining Notification Act, and the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act (collectively, the "WARN Acts"), based on Land-Air's alleged failure to provide statutorily-required advance notice of plaintiffs' terminations stemming from Land-Air's plant closings in January 2016.  (Doc. #1).

On August 22, 2016, this Court entered a default judgment as to liability against Land-Air for failing to answer or otherwise respond to the complaint.  (Doc. #13).  The Court also referred the matter to Judge McCarthy to conduct an inquest as to damages, attorney's fees, and costs in connection with the default judgment.  (Id.).

On May 3, 2017, plaintiffs filed an Amended Complaint, naming as defendants NEF and LAX, as well as Land-Air.  (Doc. #30).

On September 30, 2019, defendants NEF and LAX and plaintiffs signed and filed a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge.  (Doc. #156). Accordingly, on October 1, 2019, this Court referred the case to Judge McCarthy to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  (Doc. #157).  At this point in the case, Land-Air was still in default.

Judge McCarthy held a bench trial from July 20 to July 24, 2020. On December 18, 2020, she issued an Opinion and Order, which contained the R&R, concluding the requisite number of employees did not suffer an employment loss due to one of Land-Air's terminal closures, and thus, the WARN Acts' notice requirement was not triggered. Judge McCarthy further concluded that even if plaintiff had established the WARN Acts' numerosity requirements had been met, defendants NEF and LAX would not be liable as successor entities of Land-Air. (Doc. #258); Chain v. N. E. Freightways, Inc., 2020 WL 7481142 (S.D.N.Y. Dec. 18, 2020).

In addition, Judge McCarthy recommended that this Court vacate the August 22, 2016, default judgment against Land-Air as to liability because plaintiffs' claim against defendants NEF and LAX "rests on the premise that Land-Air is liable for violating the WARN Acts," a premise "inconsistent with [Judge McCarthy's] findings after the bench trial" that the WARN Acts' notice requirements were not triggered. Chain v. N. E. Freightways, Inc., 2020 WL 7481142, at *15.[1] Thus, Judge McCarthy concluded, the default judgment against Land-Air as to liability presents an "incongruity" with the factual findings made at the bench trial and is "unauthorized by law." (Id. (quoting Frow v. De La Vega, 82 U.S. 552, 554 (1872)). Judge McCarthy also recommended that the Court dismiss the action against Land-Air.

To date, Land-Air has not appeared or otherwise taken any action in this case.

II.  Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

judge." 28 U.S.C. § 636(b)(1).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).

When a party submits a timely objection to a report and recommendation, the district court reviews de novo those portions of the report and recommendation to which the party objected.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

III.    Plaintiffs' Objections

Plaintiffs contend Judge McCarthy's recommendation that the default judgment against Land-Air as to liability be vacated was based on "factual mistakes and errors of law," namely that (i) the applicability of the WARN Acts was at issue after Land-Air defaulted, (ii) even assuming the applicability of the WARN Acts was at issue, the WARN Acts' numerosity threshold was not met, and (iii) Frow v. De La Vega requires that the default judgment against Land-Air be vacated.  Put another way, plaintiffs argue that if Judge McCarthy had not determined the WARN Acts' applicability was at issue (because Land-Air had defaulted and the allegations of the complaint should have been deemed true and accepted) or if she had not determined that the WARN Acts' numerosity requirements had not been met, there would be no inconsistency between her decision after trial and this Court's entry of default judgment against

Land-Air.  Defendants respond that these objections go beyond the narrow scope of Judge McCarthy's R&R.

Having carefully reviewed the R&R and the underlying record de novo as to plaintiffs' specific objections, the Court finds plaintiffs' objections to be without merit.

As an initial matter, Judge McCarthy's R&R to this Court respected only whether Frow v. De La Vega dictates that the default judgment as to liability against Land-Air be vacated as unauthorized by law.  To the extent plaintiffs object to the judgment in favor of defendants NEF and LAX, such objections are not properly before this Court because defendants NEF and LAX and plaintiffs consented to conduct all proceedings before Judge McCarthy.  Accordingly, the Court will not consider those objections.  See Roell v. Withrow, 538 U.S. 580, 585 (2003) ("[A] § 636(c)(1) referral gives the magistrate judge full authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review.  A judgment entered by a magistrate judge designated to exercise civil jurisdiction under § 636(c)(1) is to be treated as a final judgment of the district court, appealable in the same manner as an appeal from any other judgment of a district court.") (citing § 636(c)(3)).[2]

---

[2]  To the extent plaintiffs take issue with Land-Air's lack of consent to conduct any proceeding in front of Magistrate Judge McCarthy, the "Second Circuit has not addressed whether referral to a magistrate judge for all purposes is appropriate where, as here, all parties that have appeared—but not all named parties—have consented to the jurisdiction of a magistrate judge for all purposes." Ideavillage Prod. Corp. v. Antiker, 2021 WL 1987382, at *1 (S.D.N.Y. May 17, 2021) (declining to refer case to magistrate judge where plaintiff had not yet moved for default judgment against non-appearing defendants).  "The law is clear, however, that a magistrate judge cannot enter default judgment against a party absent the defaulting party's consent to the jurisdiction of the magistrate judge to enter final judgment." Id. at *2.  Accordingly, Judge McCarthy correctly made a report and recommendation to this Court regarding the default judgment against Land-Air.  See Laboratorios Rivas, SRL v. Ugly & Beauty, Inc., 2013 WL 5977440, at *1 n.1 (S.D.N.Y. Nov. 12, 2013) (submitting R&R on

Moreover, even if, as plaintiffs contend, the allegations of the original complaint must have been accepted as true upon Land-Air's default, the story of this case did not end at Land-Air's default. Plaintiffs thereafter filed an amended complaint, in which LAX and NEF—in addition to Land-Air—were alleged to have violated the WARN Acts. Unlike Land-Air, LAX and NEF did appear in this case. They were entitled to go to trial and require plaintiffs to prove by a preponderance of the evidence that the WARN Acts had been violated. Indeed, the original complaint contained no allegations about LAX or NEF or whether they violated the WARN Acts. Said otherwise, even if the allegations of the original complaint were accepted as true, this did not mean that the allegations of the amended complaint did not need to be proven at trial. Thus, Judge McCarthy's consideration of whether the WARN Acts applied, even though defendant Land-Air had defaulted, was not improper. Cf. In re Indus. Diamonds Antitrust Litig., 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000) ("While a default constitutes an admission of all the facts 'well pleaded' in the complaint, it does not admit any conclusions of law alleged therein, nor establish the legal sufficiency of any cause of action."); 1199 SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council, Inc., 2013 WL 6003731, at *2 (S.D.N.Y. Nov. 13, 2013), report and recommendation adopted sub nom. 1199/SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council Inc., 2013 WL 6244716 (S.D.N.Y. Dec. 3, 2013) ("When defendants default, all of the facts alleged in the complaint, except those relating to the amount of damages, must be accepted as true. . . . Nonetheless, a court must still satisfy itself that the plaintiff has established a sound legal basis upon which liability may be imposed.").

---

motion for default judgment because "the defaulting party[] has not consented to my jurisdiction"), report and recommendation adopted, 2014 WL 112397 (S.D.N.Y. Jan. 8, 2014).

On the issue of whether Frow v. De La Vega necessitates vacatur of the default judgment as to liability against Land-Air, the Court agrees with Judge McCarthy that "the default judgment presents an incongruity with the factual findings made at the bench trial and therefore is unauthorized by law." Chain v. N. E. Freightways, Inc., 2020 WL 7481142, at *15. Plaintiffs' argument that Frow v. De La Vega applies only when plaintiffs have pleaded defendants are jointly liable is not persuasive. "[C]ourts within this Circuit have continued to cite Frow v. De La Vega as relevant authority, even in cases that do not involve true joint liability." See El Omari v. Buchanan, 2021 WL 465431, at *2 (S.D.N.Y. Feb. 9, 2021). "The key inquiry is whether the default judgment could result in inconsistent outcomes for similarly situated defendants." Id. at *3. Here, allowing the default judgment as to liability against Land-Air to stand would result in an outcome inconsistent with Judge McCarthy's findings after the bench trial that the WARN Acts' numerosity requirements were not triggered. Thus, the default judgment as to liability against Land-Air shall be vacated. See Beom Su Lee v. Karaoke City, 2020 WL 2036706, at *1 (S.D.N.Y. April 28, 2020) ("A district court may sua sponte . . . revisit [and vacate] an award of a default judgment as to liability when a damages inquest has yet to be completed.").

Accordingly, the Court adopts the R&R as the opinion of the Court.

IV.   Cross Motions for Sanctions

Defendants argue they are entitled to an award of sanctions against plaintiffs and its counsel under 28 U.S.C. § 1927 because "Plaintiffs' objection to the factual findings underpinning Judge McCarthy's WARN Act Opinion and Order needlessly expands the scope of this litigation." (Doc. #270 ("Defs. Resp.") at 5). Plaintiffs argue defendants' counsel should be

sanctioned because defendants' request for sanctions was unfounded and has needlessly expanded the scope of this litigation.

The Court disagrees with both sets of parties.

"A district court has inherent power to award attorneys' fees against the offending party and his attorney when it determines a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Agee v. Paramount Commc'ns, Inc., 114 F.3d 395, 398 (2d Cir. 1997). "Similarly, under 28 U.S.C. § 1927, the court may require any attorney to pay costs if he or she so multiplies the proceedings in any case unreasonably and vexatiously." Id. "To impose sanctions under either authority, the trial court must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." Id.

Here, there is no clear evidence either set of parties' claims were entirely meritless or either acted for improper purposes.

Accordingly, the Court will not impose sanctions against any party.

## CONCLUSION

Having conducted a de novo review of the magistrate judge's thorough and well-reasoned R&R, as well as plaintiffs' objections, the applicable case law, and the underlying record, the Court concludes the default judgment as to liability previously entered against Land-Air must be vacated, and the action against Land-Air must be dismissed.

Accordingly, plaintiffs' objections to the R&R are OVERRULED, and the Court adopts the R&R as the opinion of the Court. The default judgment as to liability previously entered against Land-Air (Doc. #13) is VACATED, and the action against Land-Air Express of New England, Ltd., is DISMISSED.

The parties' respective requests for sanctions are DENIED.

The Clerk is instructed to close this case.

Dated: November 1, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge